**Paul ROBITSCHEK, Junior Party,**

**v.**

**John C. TAPAS and Israel J. Dissen, Senior Party.**

**No. 61 C 1433.**

United States District Court
N. D. Illinois, E. D.

Dec. 7, 1961.

Dean Laurence, Washington, D. C., Edward C. Grelle, Brown, Jackson, Boettcher & Dienner, Chicago, Ill., for Robitschek.

Albert E. Jenner, Jr., and Thomas P. Sullivan, Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., James M. Parker, Gary, Desmond & Parker, Chicago, Ill., for Tapas and Dissen.

ROBSON, District Judge.

This proceeding arose from an application to this Court for the issuance of a special subpoena for the taking of testimony in a contested case in the Patent Office. The action now pending in the Patent Office is a patent interference in which the two applications of the parties herein made the same claim. The Patent Office procedural rules for the conduct of such actions provide that the party whose application was first filed, the senior party, is presumed to have been the first to make the invention. The burden is upon the party filing the later application, the junior party, to prove a different set of facts (Rule 257, Rules of Practice in Patent Cases, 35 U.S.C.A. Appendix). The Rules further provide that the junior party have a definite period during which he may adduce evidence to prove and support his claim to priority of invention. The senior party then is allotted a period in which to adduce evidence that he first made the invention. However, the senior party may elect to rely on his application date and take no testimony at all.

The junior party herein, Robitschek, caused a subpoena to issue from this Court to take the deposition of John C. Tapas, one of the joint senior parties. During the examination, Tapas was questioned as to when he first performed certain acts regarding the invention. The witness refused to answer on advice of counsel and the junior party Robitschek then filed this motion to compel the witness to answer. The time during which the junior party could take testimony was about to expire and following the refusal of the witness to answer, and

the filing of this motion, the junior party Robitschek, pursuant to the rule providing therefor, moved for additional time to take testimony, reciting the alleged necessity of completing Tapas's deposition. The Patent Interference Examiner denied the motion, stating that the junior party could not reverse the order of taking testimony. The Examiner then quoted Rule 271 which provides that:

"Evidence touching the matter at issue which shall not have been taken and filed in compliance with these rules will not be considered in determining the interference or other proceeding."

Continuing, he further stated thus:

"In addition, no satisfactory reason has been presented why the party Robitschek could not take the testimony of his own witnesses as to his own priority case. It appears that such testimony was to be taken September 14, 1961 but that Robitschek deliberately elected not to take it, cancelling the notice of September 8, 1961. The reason for not taking such testimony apparently was only the unsatisfactory reason that Robitschek desired to change the order of the parties in taking testimony, contrary to the Rules of Practice as noted in the foregoing."

The junior party Robitschek then petitioned from the refusal to grant the extension of time. The First Assistant Commissioner in affirming the Patent Interference Examiner's ruling said:

"No special circumstances have been shown in the present case which would make testimony by Tapas a prerequisite to the proper presentation of Robitschek's case. A careful consideration of the case in view of the petition fails to disclose any such error on the part of the Examiner of Patent Interferences as would justify the setting aside of his decision and the petition is accordingly denied."

It appears clear to the Court from an examination of the foregoing that the·

question which the junior party seeks to compel one of the joint senior parties to answer was improper under the applicable rules of this administrative interference action and outside the scope of the only issue to be proved and established by the junior party, namely, when the junior party made the invention. The motion to compel answers on deposition is denied.